PER CURIAM.
Appellants, who were defendants in the trial court, here appeal a Final Judgment in favor of appellees, plaintiffs in the trial court.
The parties are adjoining landowners in Alachua County. Appellants’ property is located on the northerly boundary of appel-lees’ tract. The natural flow of surface water in the area is in a northerly direction. A drainage ditch crossing both properties has been in existence in excess of 40 years. Prior to initiation of the action giving rise to this appeal, appellants, while having some bulldozer work done on their land, created a blockage of the drainage ditch resulting in flooding of appellees’ property. Following a trial, during which the trial judge as finder of fact viewed the subject properties and ditch, a final judgment was entered in favor of appellees. This appeal followed.
Appellants urge four points. First they question the sufficiency of the evidence to support the findings of the trial judge. The evidence was conflicting and the trial judge viewed the premises. The facts of this case are remarkably similar to those recited in Manning v. Hall, 110 So.2d 424 (Fla.2d DCA 1959). As did the court in Manning, we are of the view that the evidence was sufficient to support the final judgment and therefore affirm as to that point.
Appellants second and third points relate to specific provisions in the final judgment. Appellants argue that by use of the language in the final judgment “that said ditch lies within 20 feet left and 30 feet right of the following described ditch survey line” followed by the description of a survey line, the trial court improperly imposed an easement across 50 feet of appellants’ property. We do not so construe the final judgment. It is established law that on appeal an order or judgment being reviewed should, if susceptible of more than one construction, be construed in such a manner as to render it valid. Actions of a trial court are presumed correct. The language complained of does nothing more than describe an area in which the ditch is located. There is nothing in the final judgment to indicate that the trial judge intended to afford either an easement or access over any property other than the ditch itself and such adjacent property as is necessary for compliance with the final judgment.
Although paragraph four of the adjudicatory portion of the final judgment provides “The Defendants are further ordered to use reasonable care in seeing that the drainage ditch remains open and unobstructed and should Defendants fail to use reasonable care, the Plaintiffs, their agents and/or employees shall have the right to enter upon Defendants’ property described above for the purpose of opening or removing obstructions from the ditch” we do not construe such provision, when read in pari-materia with the other provisions of the final judgment, as requiring the defendants, appellants here, to keep the ditch open and unobstructed. It is clear that the intent of the language, when read in conjunction with paragraph two which requires removal of the obstructions which resulted from the bulldozing on defendants’ land, is to afford appellants an alternative, viz: Either keep the ditch open themselves or permit appellees to enter upon the property for the purpose of opening or removing obstructions therefrom.
Finally, appellants urge that the trial court erred in awarding damages to the appellees in the sum of $448.75. Our review of the record refutes appellants’ position and sustains such an award.
AFFIRMED.
BOYER, C. J., and DURDEN, J. ROBERT, Associate Judge, concur.
MILLS, J., dissents.